## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DANNY L. ROLL**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**UPPER PENINSULA POWER COMPANY,**<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Danny L. Roll brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Upper Peninsula Power Company ("Defendant" or "UPPCO") and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      UPPCO, a Michigan-based utility company, has woefully failed to take even the most elementary precautions to protect private and confidential personal information.

2.      Indeed, on or around June 23, 2022, hackers accessed UPPCO's networks and servers and exfiltrated highly-sensitive personal information of more

1

some of its customers, including Roll. The Data Breach included names and, most concerningly, social security numbers.

3.      UPPCO conducted an investigation and notified its affected customers on November 23, 2022.

4.      The Data Breach was the result of UPPCO's failure to implement reasonable security procedures and practices. UPPCO failed to disclosure material facts surrounding its deficient data security protocols. Such a failure to protect its customers' information violates UPPCO's obligations as established by law.

5.      Additionally, Plaintiff's and the Class's Private Information is now in the hands of unknown third parties.

6.      As a result of UPPCO's failure to implement and follow basic security procedures as described herein, Plaintiff and class members did not receive the benefit of their bargain with UPPCO and now face significant risk of identity theft, financial fraud, and other identity-related fraud now and in the future.

7.      As such, Plaintiff, on behalf of himself and all other class members, asserts claims for negligence, breach of implied contract, and breach of express contract.

## PARTIES

8.      Plaintiff Danny Roll is a natural person and citizen of Ishpeming, Marquette County, Michigan.

9.      Defendant Upper Peninsula Power Company is a corporation formed in Michigan with its principal place of business located at 1002 Harbor Hill Drive, Marquette, Michigan 49855. Defendant conducts business throughout this District and throughout the State of Michigan.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because, on information and belief, (a) at least one member of the alleged Class, which consists of over 100 persons, is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11.     This Court has personal jurisdiction over Defendant because it is domiciled in this District, its principal place of business is located in this District, it is headquartered and regularly conducts business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated, in part, from this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated, in part, from this District. Venue is additionally proper because Plaintiff and Defendant reside in this District.

3

## COMMON FACTUAL ALLEGATIONS

13.     UPPCO is a utility company serving the Upper Peninsula region of Michigan.

14.     In the course of conducting its business, UPPCO collects highly-sensitive personal information, such as social security numbers. UPPCO stores this personal information on its networks and servers.

15.     On its website, UPPCO's privacy policy states that it will "protect all information that you provide us . . .". [1]

16.     By obtaining, collecting, and storing the personal information of Plaintiff and class members, Defendant assumed legal and equitable duties and knew or should have known it was responsible for protecting the personal information from unauthorized disclosure.

***The Data Breach***

17.     In June 2022, hackers gained access to UPPCO's network and servers. The hackers were able to access and exfiltrate highly sensitive customer information, including names and social security numbers for some UPPCO customers, including Plaintiff.

18.     On November 23, 2022, roughly 5 months after it occurred, UPPCO finally disclosed the existence of the Data Breach to its customers. UPPCO

---

[1] https://www.uppco.com/privacy-policy/ (last visited November 30, 2022).

claimed that it hired a third-party forensic firm to investigate the Breach.

19.     Nevertheless, UPPCO has not disclosed the extent of the investigation into the breach. Rather, it simply states that it has concluded the investigation and is in the process of notifying individuals that were impacted by the breach by mail.

20.     UPPCO also makes the bold claim that "there is no evidence that your information has been viewed, disclosed, or misused." (*See* "UPPCO Security Notification Letter", attached hereto as Exhibit A.) However, UPPCO provides customers with no information as to how it has arrived at this conclusion. Indeed, the statement cannot be squared with UPPCO's concession that the personal information "may have been accessed". In other words, UPPCO tacitly admits that its affected customers, such as Plaintiff, have been harmed. Indeed, their sensitive, personal information is in the possession of the hackers.

21.     UPPCO similarly provides no explanation for why it failed to discover or disclose the Data Breach for more than five months. By delaying the disclosure, UPPCO robbed customers of the ability to take meaningful, proactive, and targeted mitigation measures to protect themselves from identity theft.

22.     Put simply, at all times relevant to this Complaint, UPPCO knew, or should have known, that its customers' and former customers' personal information was targeted by malicious actors. Nevertheless, UPPCO failed to take steps to implement and maintain reasonable data privacy and security measures to

protect Plaintiff's and the Class's personal information from cyber-attacks.

## FACTS SPECIFIC TO PLAINTIFF ROLL

23.     Plaintiff Roll is a current customer of UPPCO.

24.     When Plaintiff established an account with UPPCO, he provided his

personal information to UPPCO. Plaintiff did so with the understanding and

expectation that UPPCO would use reasonable safeguards and protocols, as

promised by its Privacy Policy and related documents, to protect his information.

25.     Had Plaintiff known of UPPCO's substandard security procedures and

methods of protecting and storing his private information, he would not have

opened an account with UPPCO.

26.     On or around November 28, 2022, Plaintiff received a letter from

UPPCO, dated November 23, 2022, notifying him that he was a victim of the Data

Breach. *See* Ex A.

27.     As a result of UPPCO's carelessness, Plaintiff and the Class must now

live with the knowledge that their personal information is forever in the possession

of the people willing to use the information for any number of improper purposes

and scams, including making the information available for sale on the black-

market.

28.     As such, Plaintiff and the class members have sufficient injury and

damages, including a substantial increase in the likelihood of identity theft; the

6

compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach; and overpayment for the services that were received without adequate data security.

## CLASS ALLEGATIONS

29.    **Class Definition**: Plaintiff Roll brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and 23(b)(3) on behalf of himself and a Class of similarly situated individuals defined as follows:

> All individuals residing in the United States whose personal information was compromised in the UPPCO Data Breach.

30.    The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives,

successors, and assigns of any such excluded persons. Plaintiff anticipates the need to potentially amend the class definition following necessary and appropriate discovery.

31.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, the Class is comprised of millions of individuals throughout the country, making joinder of each individual member impracticable. The members of the Class will be easily identified through Defendant's records as Defendant will have data reflecting the identities of the members' whose personal information has been compromised.

32.     **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class for which a class action would provide common answers. Such common questions of law and fact include, but are not limited to:

   a.     Whether Defendant owed Plaintiff and Class Members a duty to implement and maintain reasonable security procedures and practices to protect their personal information;

   b.     Whether Defendant breached its privacy agreement with Plaintiff and Class Members to keep their personal information confidential;

   c.     Whether Defendant acted negligently in connection with the monitoring and/or protection of Plaintiff's and Class Members' personal information;

   d.     Whether Defendant violated its duty to implement reasonable security systems to protect Plaintiff's and Class Members' personal information;

e.  Whether Defendant's breach of its duty to implement reasonable security systems directly and/or proximately caused damages to Plaintiff and Class Members;

f.  Whether Defendant provided timely notice of the Data Breach to Plaintiff and Class Members; and

g.  Whether Class Members are entitled to compensatory damages and punitive damages as a result of the Data Breach.

33.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained substantially the same injury and similar damages as a result of Defendant's uniform wrongful conduct in failing to safeguard Plaintiff and the other class members' personal information.

34.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff is a member of the Class and has no interest antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff.

35.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the

Class Members uniformly, and Plaintiff's challenge of those practices hinges on

Defendant's conduct with respect to the Class as a whole, not on facts or law

applicable only to Plaintiff.

36.    **Predominance:** The common issues set forth above go to the heart of

the litigation and predominate over any supposed individualized questions. That is,

UPPCO didn't take special precautions with respect to certain member data that it

didn't take with respect to others. As the same (faulty) standards were applied to

everyone, the common questions predominate.

37.    **Superiority & Manageability**: This case is also appropriate for class

certification because class proceedings are superior to all other available methods

for the fair and efficient adjudication of this controversy given that joinder of all

parties is impracticable. The damages suffered by the individual members of the

Class will likely be relatively small, especially given the burden and expense of

individual prosecution of the complex litigation necessitated by Defendant's

actions. Thus, it would be virtually impossible for the individual members of the

Class to obtain effective relief from Defendant's misconduct. Even if members of

the Class could sustain such individual litigation, it would still not be preferable to

a class action, because individual litigation would increase the delay and expense

to all parties due to the complex legal and factual controversies presented in this

Complaint. By contrast, a class action presents far fewer management difficulties

and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court. Economies of time, effort and

expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Negligence
### *(On Behalf of Plaintiff and the Nationwide Class)*

38.    Plaintiff repeats and realleges every allegation set forth in the

preceding Paragraphs.

39.    Defendant required Plaintiff and Class Members to provide their

personal information as a condition of receiving utility services. Defendant

collected and stored the data for various purposes, including providing utility

services as well as for commercial gain.

40.    Defendant owed Plaintiff and Class Members a duty to exercise

reasonable care in protecting their personal information from unauthorized

disclosure or access.

41.    Defendant owed a duty of care to Plaintiff and Class Members to

provide adequate data security and to ensure that Defendant's systems and

networks adequately protected the personal information.

42.    Given the nature of Defendant's business, Defendant should have

known that Plaintiff's and the Class Members' personal information was sensitive.

And its duty to use reasonable care in protecting personal information arises as a

11

result of the parties' relationship, as well as common law and federal law, and

Defendant's own policies and promises regarding privacy and data security.

43.     Indeed, Defendant knew, or should have known, of the risks inherent

in collecting and storing personal information in a centralized location,

Defendant's vulnerability to network attacks, and the importance of adequate

security.

44.     Defendant breached its duty to Plaintiff and Class Members in

numerous ways, as described herein, including by:

   a.     Failing to exercise reasonable care and implement adequate security

          systems, protocols, and practices sufficient to protect the personal

          information of Plaintiff and Class Members;

   b.     Failing to comply with industry standard data security measures

          leading up to the Data Breach;

   c.     Failing to comply with its own Privacy Policy;

   d.     Failing to adequately monitor, evaluate, and ensure the security of

          Defendant's network and systems;

   e.     Failing to recognize in a timely manner that personal information had

          been compromised; and

   f.     Failing to timely and adequately disclose the Data Breach.

45.     Plaintiff's and Class Members' personal information would not have

been compromised but for Defendant's wrongful and negligent breach of their duties.

46.     Defendant's failure to take proper security measures to protect the sensitive personal information of Plaintiff and Class Members created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access and exfiltration of personal information by unauthorized third parties. Given that confidential personal information is a prime target for hackers, Plaintiff and Class Members are part of a foreseeable group that was at risk of having their personal information misused or disclosed if not adequately protected by Defendant.

47.     It was also foreseeable that Defendant's failure to provide timely and forthright notice of the Data Breach would result in injury to Plaintiff and Class Members.

48.     As a direct and proximate result of Defendant's conduct described above, Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the

impact of the personal information compromised as a result of the Data Breach;

and overpayment for the services that were received without adequate data

security.

## SECOND CAUSE OF ACTION
### Breach of Implied Contract
### (On Behalf of Plaintiff and the Nationwide Class)

49.   Plaintiff repeats and realleges every allegation set forth in the

preceding paragraphs.

50.   Defendant required Plaintiff and Class Members to provide their

personal information as a condition of receiving utility services. Defendant

collected and stored the data for various purposes, including providing financial

services as well as for commercial gain.

51.   By requiring and accepting the information, Defendant agreed to

safeguard and protect the personal information of Plaintiff and Class Members.

Implicit in the parties' relationship was the obligation that Defendant would use

the personal information for approved business purposes only and would not make

unauthorized disclosures of the information or allow unauthorized access to the

information.

52.   Additionally, Defendant implicitly promised to retain this personal

information only under conditions that kept such information secure and

confidential and therefore had a duty to reasonably safeguard and protect the

personal information of Plaintiff and Class Members from unauthorized disclosure or access.

53.    Plaintiff and Class Members entered into implied contracts with the reasonable expectation that Defendant's data security practices and policies were reasonable and consistent with industry standards.

54.    Plaintiff and Class Members would not have provided and entrusted their personal information to Defendant in the absence of the implied contract. The safeguarding of Plaintiff's and Class Members' personal information was critical to realizing the intent of the parties.

55.    The nature of Defendant's implied promise itself, was to protect Plaintiff's and Class Members' personal information to prevent harm and prevent present and continuing increased risk.

56.    Defendant breached the implied contract with Plaintiff and Class Members by failing to reasonably safeguard and protect their personal information, which was compromised as a result of the Data Breach.

57.    As a direct and proximate result of Defendant's breaches, Plaintiff and Class Members sustained actual losses and damages as alleged herein, including that they did not receive the benefits of the bargains for which they paid. Plaintiff and Class Members alternatively seek an award of nominal damages.

## THIRD CAUSE OF ACTION
### Breach of Express Contract
### (On Behalf of Plaintiff and the Nationwide Class)

58.     Plaintiff repeats and realleges every allegation set forth in the

preceding paragraphs.

59.     The parties entered into written agreements regarding the services that

UPPCO was to provide to Plaintiff and Class Members.

60.     Plaintiff and Class Members paid UPPCO monies and provided

UPPCO with their personal information as consideration for the agreements.

61.     UPPCO's privacy policy is evidence that data security was a material

term of these contracts.

62.     Plaintiff and Class Members complied with the express contract when

they paid UPPCO and provided their personal information to UPPCO.

63.     UPPCO breached its obligations under the contracts with Plaintiff and

the Class Members by failing to implement and maintain reasonable security

measures to protect and secure their personal information.

64.     UPPCO's breach of the express contracts caused the Data Breach.

65.     Plaintiff and all other Class Members were damaged by UPPCO's

breach of express contracts because: they paid—directly or indirectly—for data

security protection they did not receive; they face a substantially increased risk of

identity theft—risk justifying expenditures for protective and remedial services for

16

which they are entitled to compensation; their personal information was

improperly disclosed to unauthorized individuals; the confidentiality of their

personal information has been breached; they were deprived of the value of their

personal information, for which there is a well-established national and

international market; and lost time and money incurred to mitigate and remediate

the effects of the Data Breach.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Danny Roll, individually and on behalf of the

Class, respectfully requests that this Court enter an Order:

     A.     Certifying this case as a class action on behalf of the Class defined

above, and appointing Plaintiff as representative of the Class, and appointing his

counsel as Class Counsel;

     B.     Declaring that UPPCO's actions, as described above, constitute (i)

Negligence, (ii) Breach of Implied Contract, and (iii) Breach of Express Contract;

     C.     Awarding injunctive and other equitable relief as is necessary to

protect the interests of the Class, including: (i) an order prohibiting UPPCO from

engaging in the wrongful and unlawful acts described herein, and (ii) requiring

UPPCO to protect all data collected through the course of its business in

accordance with industry standards;

     D.     Awarding damages to Plaintiff and the Class in an amount to be

determined at trial;

  E.  Awarding Plaintiff and the Class their reasonable litigation expenses

and attorneys' fees;

  F.  Awarding Plaintiff and the Class pre and post-judgment interest to the

maximum extent allowable by law; and

  G.  Awarding such other and further legal or equitable relief as equity and

justice may require.

<strong>JURY DEMAND</strong>

  Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**DANNY ROLL**, individually and on behalf
of all others similarly situated,

Dated: November 30, 2022  By: /s/ Patrick H. Peluso
    One of Plaintiff's Attorneys

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Steven L. Woodrow
swoodrow@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Alleged Class*

18