UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY ROLL,

    Plaintiff,

v.

UPPER PENINSULA POWER COMPANY,

    Defendant.
_____/

Case No. 2:22-cv-224

HON. JANE M. BECKERING

## **ORDER OF DISMISSAL**

On January 6, 2023, the Court issued a Show Cause Order requiring Plaintiff to show cause in writing or file an amended complaint showing why jurisdiction is proper in this Court (ECF No. 7). On January 26, 2023, Plaintiff timely filed an Amended Complaint (ECF No. 10). Plaintiff asserts diversity jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) (*id.* ¶ 10). Plaintiff alleges that he is a citizen of Michigan (*id.* ¶ 8) and that Defendant Upper Peninsula Power Company (UPPCO) is a citizen of Michigan (*id.* ¶ 9). Plaintiff also alleges that "UPPCO boasts an average of '12 customers per square mile' over nearly 4,460 square miles in Upper Michigan—equating to approximately 53,520 customers, or, as estimated by UPPCO, '+/- 52,000 customers.'" (*id.* ¶ 13) (footnote omitted). Plaintiff also alleges that the letter from Defendant notifying Plaintiff of the data breach in this case included "additional disclosures pertinent to residents of nine different states" (*id.* ¶ 30); however, this allegation does not suffice to indicate that potential class members reside outside of Michigan, and nowhere in Plaintiff's Amended Complaint does Plaintiff allege any facts that potential class members reside outside of Michigan. Here, regardless of the amount in controversy, the Amended Complaint on its face fails

to demonstrate that minimal diversity jurisdiction exits such that jurisdiction in this Court is proper. Accordingly, the Court lacks subject-matter jurisdiction and the action is properly dismissed. FED. R. CIV. P. 12(h)(3); *see, e.g., Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) ("We conclude that the district court properly raised the issue of subject matter jurisdiction sua sponte, and, after finding that jurisdiction was lacking, dismissed the complaint."); *Pratt v. Ventas, Inc.*, 365 F.3d 514, 523 (6th Cir. 2004) (citation omitted) ("[I]f a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case."). Therefore:

**IT IS HEREBY ORDERED** that pursuant to FED. R. CIV. P. 12(h)(3), this action is DISMISSED.


Dated: February 1, 2023                              /s/ Jane M. Beckering
                                                     JANE M. BECKERING
                                                     United States District Judge