UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY ROLL,

    Plaintiff,

v.

UPPER PENINSULA POWER COMPANY,

    Defendant.
_____/

Case No. 2:22-cv-224

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this closed case is Plaintiff's motion for reconsideration (ECF No. 12), seeking reconsideration of this Court's February 1, 2023 Order of Dismissal (ECF No. 11), which dismissed the action for lack of subject-matter jurisdiction, and seeking leave to conduct jurisdictional discovery. On February 16, 2023, at this Court's request (ECF No. 13), *see* W.D. Mich. LCivR 7.4(b), Defendant filed a response to Plaintiff's motion (ECF No. 14). For the following reasons, Plaintiff's motion for reconsideration is properly denied.

### I. Background

Plaintiff initiated this action on November 30, 2022 (ECF No. 1). The Court issued an Order to Show Cause on January 6, 2023, requiring Plaintiff to show cause in writing why jurisdiction was proper or file an amended complaint properly alleging subject-matter jurisdiction (Order, ECF No. 7). Plaintiff filed an Amended Complaint on January 26, 2023 (ECF No. 10). Finding Plaintiff's minimal additional allegations in his Amended Complaint insufficient, the Court dismissed the case for lack of subject-matter jurisdiction on February 1, 2023 (Order, ECF No. 11), and the instant motion followed.

## II. Analysis

### A. Motion Standard

This Court's local rules require a movant seeking reconsideration to "not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4(a). The local rule further instructs that "motions for reconsideration that merely present the same issues ruled upon by the court shall not be granted." *Id.* Generally, "[r]econsideration is usually justified when there is an intervening change in controlling law, newly available evidence, or a need to correct a clear error or prevent manifest injustice." *McCormack v. City of Westland, MI*, No. 18-2135, 2019 WL 4757905, at *2 (6th Cir. Apr. 15, 2019) (looking to federal common law and FED. R. CIV. P. 54(b) and citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). The decision to grant or deny a motion for reconsideration is within the district court's discretion. *See Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 691 (6th Cir. 2012).

### B. Discussion

Plaintiff argues that "the palpable defect that has effectively misled the Court and enabled it to issue an order of dismissal is an unawareness of Plaintiff's ongoing efforts to confer with Defendant on the filing of a motion for jurisdictional discovery" (ECF No. 12 at PageID.104). Plaintiff further argues that jurisdictional discovery "has become necessary" and, if dismissal is reconsidered, jurisdictional discovery will reveal evidence of "the existence of non-Michigan residents in the proposed class" (*id.* at PageID.105–107). Specifically, Plaintiff contends that "Defendant's inclusion of multi-state disclosures in its letter [notifying Plaintiff of the data breach at issue] is suggestive of the fact … that the subject class contains at least one member that is not a resident of Michigan" (*id.* at PageID.107). Plaintiff further suggests that "interrogatories related

2

to whether [Defendant] sent letters like the one received by Plaintiff to persons or addresses outside of Michigan … would immediately reveal and confirm the existence of class members who are not residents of the forum state of Michigan" (*id.* at PageID.108).

As an initial matter, Plaintiff's claim that this Court was "unaware" of the parties' conferral efforts does not demonstrate a "palpable defect" by which the Court and the parties were misled. As argued by Defendant, Plaintiff's request is an improper attempt at a "third bite at the apple" (ECF No. 14 at PageID.118). Plaintiff did not raise to the Court a request for jurisdictional discovery prior to dismissal of this action. Further, as represented by Defendant, Plaintiff did not raise the issue of jurisdictional discovery until January 26, 2023, the deadline set forth in this Court's show cause order (*see* Def's. Ex. A, ECF No. 14-1 at PageID.122; Def's. Ex. B, ECF No. 14-2 at PageID.124). Therefore, Plaintiff's motion is properly denied on this basis.

Moreover, as set forth more fully in Defendant's response, Plaintiff's request for jurisdictional discovery fails to demonstrate that a different disposition of the case is warranted.

First, as noted above, this Court rejected Plaintiff's assertions that the out-of-state disclosures at issue in the notification letter suggest that minimal diversity exists (*see* ECF No. 11 at PageID.100–101). *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 671 (6th Cir. 2003) ("[A] motion to reconsider should not be used to re-litigate issues previously considered."); *see also, e.g., Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to … raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and quotation omitted). Moreover, Plaintiff's request for jurisdictional discovery does nothing more to provide this Court with "'a reasonable basis to expect that … discovery would reveal' evidence that supports the claimed jurisdiction." *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484–85 (6th Cir. 2020) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) and citing *FC Inv. Grp. LC*

3

*v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093–94 (D.C. Cir. 2008) ("Such a request for jurisdictional discovery cannot be based on mere conjecture or speculation.")); *see Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) ("Bare allegations [and] vague assertions of the need for discovery are not enough.") (citations omitted).

Second, as also argued by Defendant in response (*see* ECF No. 14 at PageID.116–117, 118), Plaintiff's diligence is a relevant factor in determining whether jurisdictional discovery is warranted. "District courts have discretion to decide whether jurisdictional discovery is needed." *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 WL 165961, at *1 (6th Cir. Jan. 12, 2023) (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)). "For example, courts may— and typically do—consider the likely usefulness of the requested discovery, the moving party's diligence, or the opposing party's cooperativeness." *Id.* (citing *C.H. ex rel. Shields*, 818 F. App'x at 484 and *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) ("The overarching inquiry … is whether the moving party was diligent in pursuing discovery.")). Here, Plaintiff was on notice that the allegations in his complaint did not allege sufficient facts to support subject-matter jurisdiction and did not request discovery from this Court until after the Court's order of dismissal.

Last, as Defendant argues (*see* ECF No. 14 at PageID.118–119, 119 n.3), even assuming Plaintiff is afforded another opportunity for jurisdictional discovery and to further amend his complaint in this action, this Court is not convinced that the "home state" and "local controversy" exceptions to the Class Action Fairness Act (CAFA), instructing district courts to decline jurisdiction, would be inapplicable. *See* 28 U.S.C. § 1332(d)(4).[1]

---

[1] Even if Plaintiff were to plead that a single or discrete number of out of state residents were notified of the breach, CAFA instructs district courts to decline to exercise jurisdiction if either the "home state" exception, 28 U.S.C. § 1332(d)(4)(B), or "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), apply. *See Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383 (6th Cir.

### III.  Conclusion

For the foregoing reasons, Plaintiff has not demonstrated a palpable defect by which the Court and the parties were misled and Plaintiff fails to show that a different disposition of the case is warranted.  The Court, therefore, in its discretion, denies Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 12) is DENIED.

Dated:  March 20, 2023     /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

---

2016); *Clark v. Lender Processing Services*, 562 F. App'x 460, 465 (6th Cir. 2014); *Visendi v. Bank of. Am., N.A.*, 733 F.3d 863, 869–70 (9th Cir. 2013).